SAMUEL TANNER, Relator, v. WM. H. BUGG et al., Judge of the County Court of Scott County, Respondents.

### St. Louis Court of Appeals, March 15, 1898.

1. **Dramshop**: POWER OF COUNTY COURT TO GRANT DRAMSHOP LICENSE: SUFFICIENCY OF PETITION AND ORDER OF COUNTY COURT.    A dramshop petition which does not purport to be signed by a majority of the assessed taxpaying citizens and guardians of minors owning property is defective as a block petition, and fails to come up to the requirements of section 8, of the dramshop act 1891, and is insufficient to confer upon the county court lawful authority to grant the license to keep a dramshop in said block.

2. **Judicial Notice.**    The town of Sikeston contains less than two thousand inhabitants, according to the latest United States census, of which this court will take judicial notice.

3. **Authority to Grant Dramshop License.**    In towns of less than two thousand inhabitants no lawful authority is vested in the county court to grant dramshop license, until a majority, both of assessed taxpaying citizens and guardians of minors owning property therein, and in the block or square in which the dramshop is to be kept, shall sign a petition asking for such license to keep a dramshop therein.

4. **Power of County Court.**    A petition to grant a dramshop in one block in a city is not available to grant a dramshop license in another block.

*Petition for writ of Certiorari.— County Court of Scott County.*

No brief for petitioner.

JOE W. MOORE for respondent.

The law provides that in cities having less than twenty-five hundred inhabitants that the dramshop keeper must present to the county court a petition containing a majority of the assessed taxpaying citizens and guardians of minors owning property in the city, and in the block or square. Acts 1891, secs. 4 and 8, p. 128. Under this section there are two separate and distinct classes of signers those for the city generally, and those for the block, the record in this case shows that there had been filed a general petition and the order of the court contained a record of every averment necessary to the issuing of a legal dramshop license. The assessed tax paying citizens owning property in the block are the only signers who have any voice in regard to the block in which the dramshop is to be located. In this case the county court ordered the transfer of the license from block seven to block six upon a petition signed by a majority of the tax paying citizens of block six as the record will show.

BLAND, P. J.—On the petition of relator a writ of certiorari was issued by order of this court to Wm. H. Bugg, Chas. N. Welch and J. L. Hale, judges of the county court of Scott county, to show by what authority they did on October 18, 1897, grant to James Nestor & Company a license to keep a dramshop in block 6 of the town of Sikeston in said county. In obedience to the writ the respondents have produced in court a full and complete transcript of their pro-

ceedings in the matter of granting said license. By this transcript it appears that Nestor & Company on August 2, 1897, filed in the office of the clerk of the county court of said county a petition signed by a large number of taxpayers of Sikeston asking that a license be granted to Nestor & Company to keep a dramshop at their stand upon lot 1, in block 7 of said town. On the same day the petition was examined by the court and found to have been signed by a majority of the assessed taxpaying citizens and guardians of minors owning property in said block and city, and that the appellants were law-abiding assessed taxpaying male citizens, above the age of twenty-one years, and granted them a license to keep a dramshop for a period of six months. It further appears that on October 18, 1897, a petition that Nestor & Company be granted a license to keep a dramshop in block 6 of the city of Sikeston, was presented to the county court, purporting to be signed by a number of the assessed taxpaying citizens of Sikeston owning property in said block 6. On this petition and at the request of Nestor & Company the court on the said eighteenth day of October made the following order:

"Now comes Jas. Nestor & Co. of Sikeston and file their block petition to conduct their business of saloon upon block 6 in Sikeston and ask the court to permit them to transfer their saloon from block —, their former place to their stand in block 6 as aforesaid. The court having examined said petition and being fully advised doth order that said transfer be made." This block petition does not purport to be signed by a majority of the assessed taxpaying citizens and guardians of minors owning property therein, nor did the county court find that it was so signed. As a block petition, it failed to come up to the requirements of section 8 of the dramshop act of 1891, and was insufficient to confer upon

the county court lawful authority to grant the license to keep a dramshop in said block. The town of Sikeston contains less than two thousand inhabitants, according to the latest United States census, of which this court will take judicial notice. State ex rel. v. Dolan, 93 Mo. 467; Acts of 1887, p. 45. In towns of less than two thousand inhabitants, no lawful authority is vested in the county court to grant dramshop license, until a majority, both of assessed taxpaying citizens and guardians of minors owning property therein, and in the block or square in which the dramshop is to be kept, shall sign a petition asking for such license to keep a dramshop therein. Section 8, *supra*. The petition presented on August 2, 1897, was for a dramshop on lot 1 in block 7, and conferred on the county court authority to grant a license to keep a dramshop at that stand or place, and not elsewhere. The petition of August 2 designated the lot and block at which the petitioners asked that a license be granted to keep a dramshop. This petition was not more available to confer on the county court legal authority to grant a license to Nestor & Company to keep a dramshop in a block other than block 7, than it was to confer authority on it to grant a license to some person other than Nestor & Company, the persons named in the petition. We therefore hold that the order of the county court granting to Nestor & Company a license to keep a dramshop in block 6, was made without authority of law, wherefore it is considered that said order be set aside, and for naught held, and that the license to Nestor & Company to keep a dramshop in block 6 in the city of Sikeston, is illegal and void, and the same is hereby revoked and set aside. All concur.